UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN LEONHART, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATURE'S PATH FOODS, INC.,<br><br>Defendant. | Case No. 5:13-CV-0492-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: Docket No. 17] |

Presently before the Court is Defendant Nature's Path Foods, Inc.'s ("Nature's Path" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and Motion to Strike.  Dkt. No. 17.  Plaintiff Susan Leonhart ("Plaintiff") filed this putative class action against Defendant alleging that several of Defendant's products have been improperly labeled so as to amount to misbranding and deception in violation of several California and federal laws.

Per Civ. L.R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court GRANTS Defendant's Motion to Dismiss.

**I. BACKGROUND**

Plaintiff filed her original complaint on February 4, 2013.  Dkt. No. 1.  Plaintiff's FAC was filed on May 17, 2013.  Dkt. No. 16.

1

Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff is a California consumer who bought two of Defendant's food products: EnviroKidz Panda Puffs cereal and Heritage Flakes cereal. Dkt. No. 16 ¶ 2. Plaintiff brings a putative class action suit against Defendant on behalf of all persons in the United States who, within the last four years, purchased the same or similar products or other of Defendant's food products that were similarly allegedly mislabeled. Id. ¶ 124. Plaintiff argues that the following representations on the packaging of these and other of Defendant's food products were unlawful and/or misleading: (1) "evaporated cane juice" ("ECJ") claims; (2) unapproved health or drug claims; (3) "low sodium" claims; (4) "preservative free" claims; and (5) slack-filled packaging. Id. ¶ 14.

Plaintiff alleges the following causes of actions: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., (counts 1-3); violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., (counts 4-5); violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., (count 6); and unjust enrichment (count 7). Id. ¶¶ 135-194.

**II. LEGAL STANDARD**

**A. Rule 8(a)**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual

allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

**B. Rule 9(b)**

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

**C. Rule 12(b)(1)**

A party may file a motion to dismiss with the Court for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge,

all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Wolfe, 392 F.3d at 362.

On a factual challenge, the party opposing the motion must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the court need not presume the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); accord Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In the absence of a full-fledged evidentiary hearing, however, disputed facts pertinent to subject matter jurisdiction are viewed in the light most favorable to the nonmoving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

Federal courts are courts of limited jurisdiction, adjudicating only cases which the Constitution and Congress authorize. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. To satisfy Article III standing, a plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62 (1992).

At least one named plaintiff must have suffered an injury in fact. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."

4

Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**III. DISCUSSION**

    **A. Statutory Framework**

The operative statute in this matter is the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., as amended by the Nutrition Labeling and Education Act of 1990 ("NLEA"), 21 U.S.C. § 343 et seq. 21 U.S.C. § 343 establishes the conditions under which food is considered "misbranded." Generally, food is misbranded under 21 U.S.C. § 343(a)(1) if "its labeling is false or misleading in any particular."

The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875 et seq., incorporates the requirements of the FDCA as the food labeling requirements of the state of California. Plaintiff brings claims for relief under the UCL, FAL, and CLRA based on Defendant's alleged violations of the Sherman Law. The UCL prohibits business practices that are unlawful, unfair, or fraudulent. The "fraudulent" prong of the UCL "requires a showing [that] members of the public are likely to be deceived." Wang v. Massey Chevrolet, 97 Cal. App. 4th 856, 871 (2002). The "unlawful" prong of the UCL "borrows violations of other laws and treats them as independently actionable." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 (2006). As for the "unfair" prong, "California appellate courts disagree on how to define an 'unfair' act or practice in the context of a UCL consumer action." Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-00296-WHO, 2014 WL 1017879, at *11 (N.D. Cal. March 13, 2014); (citing Davis v. Ford Motor Credit Co., 179 Cal. App. 4th 581, 594 (2009)). Some courts have held that the "unfair" prong requires alleging a practice that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and the policy must be "tethered to specific constitutional, statutory or regulatory provision." Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1263, 1266 (2006) (quotations omitted). Other courts have held that the court must apply a balancing test that "weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000).

**B. Standing for Unpurchased Products**

A defendant may challenge standing through a Federal Rule of Civil Procedure 12(b)(1) motion and may either attack the complaint on its face or the existence of jurisdiction in fact. Wolfe, 392 F.3d at 362. Defendant argues that Plaintiff has no standing to sue for products not purchased. Plaintiff asserts claims based on the two products she purchased and all products that make the same label representations as those products and whose labels violate the same food labeling regulations.

As noted, to establish Article III standing, a plaintiff must allege facts showing an "injury-in-fact," causation, and redressability such that the injury will be likely redressed by a decision in the plaintiff's favor. Lujan, 504 U.S. at 561-62. An "injury in fact" requires showing "an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 560 (citations and internal quotation marks omitted).

The UCL and FAL incorporate the Article III standing requirements, but additionally require that the plaintiff plead an economic injury. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322-23 (2011); see also TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 825 n.1 (9th Cir. 2011) ("Plaintiffs filing an unfair competition suit must prove a pecuniary injury . . . and 'immediate' causation. . . . Neither is required for Article III standing." (internal citations omitted)). Proposition 64 was enacted in 2004 as a means of "confin[ing] [UCL] standing to those actually injured by a defendant's business practices and [ ] curtail[ing] the prior practice of filing suits on behalf of clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant." Kwikset, 51 Cal. 4th at 321 (internal citations omitted). Under the UCL and FAL, a plaintiff suffers an injury-in-fact when he or she has "(1) expended money due to the defendants' acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." Chacanaca v. Quaker Oats Co., 752 F. Supp. 2d 1111, 1125 (N.D. Cal. 2010).

To satisfy the injury-in-fact requirement for unfair competition claims, "courts in California require that plaintiffs demonstrate the purchase of products as a result of deceptive advertising." Id. To plead actual reliance, the "plaintiff must allege that the defendant's misrepresentations

6

Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

were an immediate cause of the injury-causing conduct." In re Tobacco II, 46 Cal. 4th 298, 328 (2009). However, "the plaintiff is not required to allege that those misrepresentations were the sole or even the decisive cause of the injury-producing conduct." Id. A plaintiff can satisfy the UCL's standing requirement by alleging that he or she would not have bought the product but for the alleged misrepresentation. Kwikset, 51 Cal. 4th at 330.

The California Supreme Court has held that the phrase "as a result of" in UCL section 17204 "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." In re Tobacco II, 46 Cal. 4th at 326. This also applies under the UCL's "unlawful" and "unfair" prong, where the predicate unlawfulness is misrepresentation and deception. Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1385 (2010); see also Kwikset, 51 Cal. 4th 310; In re Actimmune Mkt. Litig., No. 08-2376-MHP, 2010 WL 3463491, at *8 (N.D. Cal. Sept. 1, 2010), aff'd, 464 F. App'x 651 (9th Cir. 2011); Brazil v. Dole Foods Co., 935 F. Supp. 2d 947 (N.D. Cal. 2013); Kane v. Chobani, No. 12-CV-02425-LHK, 2014 WL 6573000, at *5 (N.D. Cal. Feb. 20, 2014).

While courts are split as to whether actual purchase is required to establish the requisite injury-in-fact, many courts in this district have found that claims regarding unpurchased products similar to Plaintiff's do not survive a motion to dismiss. See Ivie v. Kraft Foods Global, Inc., 961 F. Supp. 2d 1033, 1046 (N.D. Cal. 2013) ("there can be no requisite pecuniary injury where plaintiff did not herself purchase the product at issue"); Larsen v. Trader Joe's Co., No. C-11-05188-SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (finding that as a matter of law plaintiffs could not have suffered a particularized injury for products they did not purchase); Major v. Ocean Spray Cranberries, Inc., No. 12-CV-03067-EJD, 2013 WL 2558125 (N.D. Cal. June 10, 2013) (denying class certification due to lack of typicality where plaintiff did not purchase named products); Granfield v. NVIDIA Corp., No. C-11-05403-JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2010) ("when a plaintiff asserts claims [for defective product or false advertising] . . . claims relating to products not purchased must be dismissed for lack of standing"); Carrea v. Dreyer's Grand Ice Cream, Inc., No. C-10-01044-JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011) (dismissing claims based on products other than those purchased by the plaintiff). In Miller

7

v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 871 (N.D. Cal. 2012), the court analyzed why the products that plaintiff did not buy were not substantially similar to those he did buy. The identified products were different, looked different, and were labeled differently, so plaintiff did not allege "the sort of similarity of representation or product" that would amount to "the same basic mislabeling practice" such as was found in Astiana v. Dreyer's Grand Ice Cream, Inc., Nos. C-11-2910-EMC, C-11-3164-EMC, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012) or Anderson v. Jamba Juice Co., 888 F. Supp. 2d 1000 (N.D. Cal. 2012).

In this case, Plaintiff asserts claims regarding statements she never saw and products she did not buy. However, Plaintiff does not allege that the products are substantially similar beyond having the same labeling statements. Accordingly, Plaintiff lacks standing to bring claims as to unpurchased products and the claims are dismissed.

**C. Preemption**

Defendant argues that Plaintiff's causes of action predicated upon state law are preempted by the FDCA. Defendant contends that language in the federal law explicitly precludes Plaintiff, a private actor, from enforcing this federal law and the FDA regulations, and Plaintiff cannot use the Sherman Law as a way to sidestep preemption. Defendant further argues that such enforcement is expressly preempted because a judgment in Plaintiff's favor would impose requirements different from or in addition to the exhaustive federal laws and regulations.

The preemption doctrine stems from the Supremacy Clause of Article VI of the U.S. Constitution, under which federal law is deemed the "supreme law of the land." Federal law preempts state law where any of the three forms of preemption are found: (1) express preemption; (2) field preemption; and (3) and implied preemption. Hillsborough Cnty., Florida v. Automated Med. Labs. Inc., 471 U.S. 707, 713 (1985). In other words, federal preemption occurs when Congress enacts a statute that explicitly preempts state law; when state law actually conflicts with federal law; or when federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in the field. Chae v. SLM Corp., 593 F.3d 936, 941 (9th Cir. 2010).

### 1. Implied Preemption

Defendant argues that to the extent that Plaintiff seeks to enforce labeling rules that are identical to the FDA regulations, Plaintiff's claims are impliedly preempted because, pursuant to the FDCA, private litigants are prohibited from suing to enforce compliance with the FDA regulations. In this case, however, Plaintiff has not brought suit to enforce the federal statute; rather, Plaintiff's action is based on the Sherman Law, a parallel state law that mirrors the relevant sections of the FDCA and the NLEA. In such cases, courts have refused to find that preemption precludes the private, state-based causes of action. See Brazil, 935 F. Supp. 2d 947; Chacanaca, 752 F. Supp. 2d at 1118; Chavez v. Blue Sky Natural Beverage Co., 268 F.R.D. 365, 371 (N.D. Cal. 2010); see also Hughes v. Boston Scientific Corp., 631 F.3d 762 (5th Cir. 2011).

To bolster its argument, Defendant points to the Ninth Circuit's decision in Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170 (9th Cir. 2012), a suit brought under the federal Lanham Act alleging false and deceptive labeling. Id. Based on the particular facts of the case, the court held that a plaintiff could not bring federal Lanham Act claims where doing so would require litigating whether the conduct in question violates the FDCA. Id. at 1176. Contrary to Defendant's contention, the Pom Wonderful court only held that the FDCA bars causes of actions brought under the federal Lanham Act where doing so would implicate the rules and regulations set forth under the FDCA and is therefore inapplicable to the case at hand. Id.; see also Bruton v. Gerber Products Co., 961 F. Supp. 2d 1062, 1080 (N.D. Cal. 2013); Brazil, 935 F. Supp. 2d 947; Delacruz v. Cytosport, Inc., No. C-11-3532-CW, 2012 WL 2563857, at *7 n.3 (N.D. Cal. June 28, 2012) ("[T]he Ninth Circuit did not rule on whether the FDCA expressly preempted Pom's state law claims under the UCL and FAL. . . . The Ninth Circuit's preemption ruling was limited to a finding that the FDCA preempted Pom's claims under the Lanham Act.").

Defendant further relies on the Ninth Circuit's decision in Perez v. Nidek Co., Ltd., 711 F.3d 1109 (9th Cir. 2013), however that decision is factually distinguishable from this case because it arose in the context of medical devices regulated by the FDCA and courts in this district have found that its reasoning does not apply to food labeling cases. Bruton, 961 F. Supp. 2d at 1082.

9

**2. Express Preemption**

Defendant next argues that express preemption language from the FDCA acts as a bar to Plaintiff's state-based claims. Defendant contends that Plaintiff's claims are expressly preempted because Plaintiff is seeking to impose requirements that are "not identical" to the language of the FDCA statute and the rules and regulations imposed by the FDA.

State consumer protection laws are preempted if they seek to impose requirements that contravene the requirements set forth by federal law. See Wyeth v. Levine, 555 U.S. 555 (2009); see also Astiana v. Ben & Jerry's Homemade, Inc., Nos. C-10-4387-PJH, C-10-4937-PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011). The FDCA, as amended by the NLEA, contains an express preemption provision, making clear that state laws imposing labeling requirements not identical to FDA mandates are preempted. 21 U.S.C. § 343-1(a). However, "where a requirement imposed by state law effectively parallels or mirrors the relevant sections of the NLEA, courts have repeatedly refused to find preemption." Chacanaca, 752 F. Supp. 2d at 1118. This means that a plaintiff's claims need not fail on preemption grounds if the requirements she seeks to impose are identical to those imposed by the FDCA and the NLEA amendments.

Courts in this district have generally found express preemption under the FDCA only when: (1) the FDA requirements with respect to a particular food label or package are clear; and (2) the product label or package at issue is in compliance with that policy, such that plaintiff necessarily seeks to enforce requirements in excess of what the FDCA, NLEA, and the implementing regulations require. Ivie, 2013 WL 685372, at *8.

This Court does not find that Plaintiff's claims are preempted as Plaintiff brings her claims under the Sherman Law and her claims do not impose any requirements in addition to the FDCA. Courts in this district have determined that the FDA's draft guidance on ECJ claims is sufficient to state the FDA's position on the term such that a claim based on the term is not in addition to the FDA's regulations. See Ivie, 2013 WL 685372, at *12 (holding that ECJ claims are not preempted and could go forward under "deceptive" prong of UCL at the motion to dismiss stage).

**D. Primary Jurisdiction**

The primary jurisdiction doctrine allows courts to "stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Ivie, 2013 WL 685372, at *5 (quoting Clark v. Time Warner Cable, 523 F. 3d 1110, 1114 (9th Cir. 2008)). Courts consider the following factors in deciding whether the doctrine of primary jurisdiction applies: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." Ivie, 2013 WL 685372, at *5.

Where determination of a plaintiff's claim would require a court to decide an issue committed to the FDA's expertise without a clear indication of how the FDA would view the issue, courts of this district have found that dismissal or stay under the primary jurisdiction doctrine is appropriate. See Hood v. Wholesoy & Co., Modesto Wholesoy Co. LLC, No. 12-CV-5550-YGR, 2013 WL 3553979, at *5-6 (N.D. Cal. July 12, 2013) (ECJ and soy yogurt claims dismissed because the FDA's position is unsettled); Astiana v. Hain Celestial, 905 F. Supp. 2d 1013, 1016-17 (N.D. Cal. 2012) (holding that "[i]n absence of any FDA rules or regulations (or even informal policy statements) . . . the court declines to make any independent determination of whether [the label] was false or misleading" and the claims were barred under the primary jurisdiction doctrine).

In contrast, however, where FDA policy is clearly established with respect to what constitutes an unlawful or misleading label, the primary jurisdiction doctrine is inapplicable because there is little risk that the courts will undermine the FDA's expertise. See Brazil, 935 F. Supp. 2d at 959 (where the FDA has established requirements applicable to the violations, there is no risk of undercutting the FDA's judgment and authority, thus a stay is not necessary).

With regard to ECJ claims, the majority of courts in this district have decided that such claims are not barred by the doctrine of primary jurisdiction. FDA's guidance suggests that the agency does not view the issue as unsettled and the claim is not precluded by primary jurisdiction doctrine. See Swearingen v. Yucatan Foods, L.P., No. C-13-3544-RS, 2014 WL 553537 (N.D. Cal. Feb. 7, 2014); Gitson v. Clover Stornetta Farms, No. C-13-01517-EDL, 2014 WL 172338, at

11

Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

*12 (N.D. Cal. Jan. 15, 2014); Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-0296-WHO, 2013 WL 5514563, at *4 (N.D. Cal. Oct. 4, 2013); Werdebaugh v. Blue Diamond Growers, No. 12-CV-02724-LHK, 2013 WL 5487236, at *8-9 (N.D. Cal. Oct. 2, 2013) (FDA, through guidance and warning letters, has articulated a position on ECJ); Kane v. Chobani, Inc., No. 12-CV-2425-LHK, 2013 WL 3703981, at *17 (N.D. Cal. Jul. 12, 2013), vacated by 2013 WL 5529723 (N.D. Cal. Jul. 25, 2013), reconsidered by 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) (denying motion to dismiss ECJ claim on primary jurisdiction ground, but granting motion to dismiss claim that use of ECJ in yogurt violated standards of identity for yogurt on primary jurisdiction grounds)[1]; Ivie, 2013 WL 685372, at *12 (holding that ECJ claims could go forward under "deceptive" prong of UCL); Samet v. Procter & Gamble, Co., No. 12-CV-01891-PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (FDA regulation that common or usual name be used to identify ingredients encompasses ECJ). This Court adopts the position taken by a majority of courts in this district, finding that ECJ claims need not be dismissed as a result of the primary jurisdiction doctrine.

With regards to Plaintiff's other claims, Defendant has not demonstrated that this Court could not determine whether such claims are misleading without FDA expertise. See Jones v. ConAgra Foods, Inc., 912 F. Supp. 2d 889 (N.D. Cal. 2012) (concluding that similar allegations regarding deceptive labeling do not require FDA expertise to be solved in court); Cytosport, 2012 WL 2563857, at *10 (N.D. Cal. June 28, 2012) ("FDA's expertise . . . is not needed to determine whether the labels are misleading."). As such, the claims are not barred by the doctrine of primary jurisdiction.

**E. Sufficiency of Claims**

Plaintiff alleges two different facets of their argument against Defendant. First, Defendant's packages and labels render the products "misbranded" and therefore unlawful; second, Defendant's labels are "fraudulent" and "misleading." Plaintiff argues that the first facet of the case does not sound in fraud.

---

[1] In Kane v. Chobani, No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal., Sept. 19, 2013), the court ultimately dismissed plaintiffs' ECJ allegations for failure to sufficiently state a claim under Rule 8(a) and Rule 9(b) because plaintiffs did not adequately plead that they believed the yogurts contained "only natural sugars from milk and fruit and did not contain added sugars or syrups." Id. at *7.

12
Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

For all claims under the UCL that arise from deceptive advertising, as Plaintiff's claims here do, Plaintiff must plead reliance and show that "members of the public are likely to be deceived." Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008); Kwikset, 51 Cal. 4th 310. Whether a practice is "deceptive, fraudulent, or unfair" is generally a question of fact that is not appropriate for resolution on the pleadings. Williams, 552 F.3d at 938-39; Bruton, 961 F. Supp. 2d at 1089. Where there are food packaging features that could likely deceive a reasonable consumer, the Ninth Circuit has found that granting a motion to dismiss is inappropriate. Williams, 552 F.3d at 939.

However, where a court can conclude as a matter of law that alleged misrepresentations are not likely to deceive a reasonable consumer, courts have dismissed claims under the UCL, FAL, and CLRA. Jones, 912 F. Supp. 2d at 899; see Red v. Kraft Foods, Inc., No. 10-CV-1028-GW, 2012 WL 5504011, at *4 (C.D. Cal. Oct. 25, 2012) ("where . . . the claim alleges that a consumer will read a true statement on a package and then disregard 'well-known facts of life,'" the court granted a motion to dismiss because a reasonable consumer would not be deceived by pictures of vegetables and the true phrase "Made with Real Vegetables"); Carrea v. Dreyer's Grand Ice Cream, Inc., 475 Fed. Appx. 113 (9th Cir. 2012) (unpublished Ninth Circuit case determined that a reasonable consumer would not think the terms "original" or "classic" indicate a wholesome or nutritious product).

**1. "Unlawful" Claims**

As discussed above, under the "unlawful" prong of the UCL, Plaintiff must plead reliance when claims are premised on allegedly deceptive advertising. See Kwikset, 51 Cal. 4th 310; Chobani, No. 12-CV-02425-LHK, 2014 WL 657300, at *5 (N.D. Cal. Feb. 20, 2014); Brazil, 2013 WL 5312418, at *8-9. Defendant argues that Plaintiff cannot avoid the UCL's pleading requirement under the "unlawful" prong.

Plaintiff argues that her claims are not based on misrepresentation, rather on the illegality of the products themselves as their misbranding violates the Sherman Law, and therefore there is no need for Plaintiff to prove reliance. Plaintiff relies on Medrazo v. Honda of N. Hollywood, 205 Cal. App. 4th 1 (2012), and Steroid Hormone Product Cases, 181 Cal. App. 4th 145 (2010), for the

proposition that no showing of reliance is required where a defendant sells a product that is illegal to sell. However, as discussed in Chobani, 2014 WL 657300, at *7, these cases are unavailing because Steroid Hormone was decided prior to the California Supreme Court's decision in Kwikset and the alleged unlawful conduct in that case was not based on a statute prohibiting specific types of misrepresentations. Similarly, Medrazo does not discuss Kwikset's finding that actual reliance applies to claims under the unlawful prong of the UCL. Plaintiff cannot circumvent the reliance requirement by simply pointing to a regulation or code provision that was violated by the alleged label misrepresentation, summarily claiming that the product is illegal to sell and therefore negating the need to plead reliance. As this district pointed out in Brazil, if the court held that a plaintiff "has standing to bring claims based solely upon allegations that he would not have purchased a product that was misbranded, purchasers who never 'viewed the defendant's advertising' or misleading labeling would have standing to sue. Such a holding is inconsistent with Proposition 64 and Kwikset." Brazil, 2013 WL 5312418, at *9. Therefore, actual reliance must be pled in order to satisfy the requirements of the UCL.

### 2. "Fraudulent" Claims

For all claims of Defendant's alleged violations, Plaintiff has not pled her claims with the particularity required by Rule 9(b). The ECJ claims will be dismissed because Plaintiff does not identify which, if any, of the products she purchased had labels that used the term ECJ. Further, the AC fails to allege what Plaintiff believed ECJ to be if not sugar and does not explain what a reasonable person would believe ECJ to be. As for the health claims, Plaintiff does not specify which health claims she saw on the two products she purchased and does not demonstrate her reliance on those labels. The "preservative free" claim is also not alleged with the requisite specificity. Beyond stating that the EnviroKids cereal "bore such a false labeling statement" and that the ingredient statement did not include a parenthetical after the term tocopherols, Plaintiff does not allege what statement concerning preservatives she read on the labels of the products she purchased. Additionally, Plaintiff alleges that the two products she purchased were unjustifiably slack-filled, but she does not demonstrate facts showing that she was deceived by the packaging.

As a result, all of Plaintiff's claims based on the alleged misrepresentations are dismissed for failure to meet the heightened pleading standard of Rule 9(b).

### F. Restitution Based on Unjust Enrichment / Quasi-Contract

Plaintiff claims that Defendant sold products that were not capable of being sold (because their labels violated state and federal regulations), and it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiff and class of the money paid for the products. Defendant argues that Plaintiff's claim for unjust enrichment / quasi-contract must be dismissed because there is no cause of action for unjust enrichment in California.

Courts in this district are split on the issue of whether to dismiss such claims. A number of courts have held that a plaintiff cannot assert a claim for unjust enrichment that is duplicative of statutory or tort claims. See Hendricks v. StarKist Co., No. 13-CV-729-YGR, 2014 WL 1244770, at *11 (N.D. Cal. March 25, 2014); Pardini v. Unilever U.S., Inc., 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013); Morgan, 2013 WL 5514563, at *11; Brazil, 2013 WL 1209955, at *18; Chobani, 2013 WL 5289253, at *11; Lanovaz v. Twinings N. Am., Inc., C-12-02646-RMW, 2013 WL 675929, at *7 (N.D. Cal. Feb. 25, 2013); Smith v. Ebay Corp., No. C 10-03825-JSW, 2012 WL 27718, at *9-10 (N.D. Cal. Jan. 5, 2012). Other courts declined to dismiss when an unjust enrichment claim is based on quasi contract, because it is not deemed a standalone claim. See Jones, 912 F. Supp. 2d at 904; Larsen v. Trader Joe's Co., C 11-05188 SI, 2012 WL 5458396, at *7 (N.D. Cal. June 14, 2012); Astiana, 2011 WL 2111796, at *11 (N.D. Cal. May 26, 2011).

The Court agrees with the line of reasoning proffered in the former cases, as Plaintiff's claim and the relief sought is duplicative of Plaintiff's statutory claims under the UCL and CLRA. As such, this claim is dismissed.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be GRANTED. Plaintiff's claims are dismissed with leave to amend. If Plaintiff wishes to further amend the complaint, the Court orders that it be pled in compliance with the pleading standards of Rules 8 and 9 and filed within 15 days of the date of this order.

15
Case No. 5:13-CV-0492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**IT IS SO ORDERED**

Dated: March 31, 2014



EDWARD J. DAVILA
United States District Judge