1

2           **UNITED STATES DISTRICT COURT**

3           **NORTHERN DISTRICT OF CALIFORNIA**

4           **SAN JOSE DIVISION**

5

6 SUSAN LEONHART,                Case No.  13-cv-00492-BLF

             Plaintiff,

7                              **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO**

8      v.                         **DISMISS; GRANTING LEAVE TO AMEND AS TO CERTAIN CLAIMS;**

NATURE'S PATH FOODS, INC,         **AND GRANTING MOTION TO STAY**

9                               **AS TO ECJ CLAIMS**

            Defendant.

10                             [Re:  ECF 47]

11

12       Plaintiff Susan Leonhart brings this putative class action against Defendant Nature's Path

13 Foods, Inc., alleging that many of Defendant's food products are "misbranded" and labeled in a

14 misleading fashion.  Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1)

15 for lack of Article III standing and under Federal Rule of Civil Procedure 12(b)(6) for failure to

16 state a claim.  Alternatively, Defendant requests that the litigation be stayed under the primary

17 jurisdiction doctrine.[1]  The Court has considered the briefing and the oral argument presented at

18 the hearing on August 21, 2014.  For the reasons discussed below, the motion to dismiss is

19 GRANTED IN PART AND DENIED IN PART, leave to amend is GRANTED as to certain

20 claims, and the motion to stay is GRANTED as to claims based upon products containing

21 evaporated cane juice ("ECJ").

22 **I.**      **BACKGROUND**

23       Defendant is a privately owned organic food company that sells its food products in

24 grocery and other retail stores throughout the United States.  Plaintiff alleges that she bought two

25 of Defendant's products, EnviroKidz Panda Puffs cereal and Heritage Flakes cereal ("Purchased

26

27 [1] Defendant's alternative request for stay is made in a footnote in the reply brief.  *See* Def.'s Reply at 12 n.12, ECF 53.  Given the trend in this District for staying labeling claims involving

28 evaporated cane juice, the Court would have considered the propriety of a stay even absent Defendant's request.

United States District Court
Northern District of California

Products"), that were "misbranded" and labeled in a "misleading" fashion.  According to Plaintiff, a product is "misbranded" if its labeling violates applicable state and/or federal laws.  SAC ¶ 6. Plaintiff claims that misbranded products may not legally be sold or possessed and have no economic value.  *Id.*  Under an alternative theory, Plaintiff claims that a product's label is "misleading" if it deceives consumers regarding the product's ingredients or characteristics.  SAC ¶ 7.

Plaintiff brings this putative nationwide class action on behalf of all individuals who bought Purchased Products between February 4, 2009 and the present.  She also asserts putative class claims on behalf of all individuals who bought a variety of Defendant's other products that Plaintiff herself did not buy ("Unpurchased Products").  Plaintiff filed her original complaint in February 2013 and a first amended complaint ("FAC") as of right in May 2013.  The FAC asserted claims under three California consumer statutes – the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, and the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 – as well as a restitution claim based upon unjust enrichment and quasi-contract.  Judge Davila dismissed the FAC with leave to amend in a written order filed March 31, 2014 ("March 2014 Order").  Judge Davila concluded *inter alia* that Plaintiff lacked Article III standing to assert claims based upon Unpurchased Products because she had not alleged that the Unpurchased Products were substantially similar to the Purchased Products; Plaintiff's misbranding theory was not viable; and Plaintiff's claims based upon allegations of misleading labeling did not meet the requirements of Federal Rules of Civil Procedure 9(b) and 12(b)(6).  *See* March 2014 Order, ECF 36.

The case thereafter was reassigned to the undersigned judge.  Plaintiff filed the operative second amended complaint ("SAC") in May 2014, reasserting the same claims set forth in the FAC as well as six new claims under California common law for a total of thirteen claims: (1) Section 17200 – Unlawful Business Practices; (2) Section 17200 – Unfair Business Practices ; (3) Section 17200 – Fraudulent Business Practices ; (4) Section 17500 – Misleading and Deceptive Advertising; (5) Section 17500 – Untrue Advertising; (6) Consumer Legal Remedies Act; (7) Restitution based on Unjust Enrichment/Quasi-Contract; (8) Breach of the Implied

United States District Court
Northern District of California

2

1   Warranty of Merchantability; (9) Common Count of Money Had and Received; (10) Declaratory

2   Judgment; (11) Breach of Express Warranty; (12) Negligent Misrepresentation; and

3   (13) Negligence.

4         Defendant contends that Plaintiff cannot establish Article III standing with respect to

5   claims based upon Unpurchased Products; Plaintiff has failed to state a claim with respect to

6   Purchased Products; and the action should be dismissed or stayed under the doctrine of Primary

7   Jurisdiction.

8   **II.     LEGAL STANDARD**

9         **A.     Rule 12(b)(1)**

10        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises a

11   challenge to the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Article III . . .

12   gives the federal courts jurisdiction over only cases and controversies." *Public Lands for the*

13   *People, Inc. v. United States Dep't of Agric.*, 697 F.3d 1192, 1195 (9th Cir. 2012) (internal

14   quotation marks and citation omitted). "The oft-cited *Lujan v. Defenders of Wildlife* case states

15   the three requirements for Article III standing: (1) an injury in fact that (2) is fairly traceable to

16   the challenged conduct and (3) has some likelihood of redressability." *Id.* at 1195-96 (citing *Lujan*

17   *v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). If these requirements are not satisfied, the

18   action should be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a*

19   *Better Env't*, 523 U.S. 83, 109-10 (1998).

20        **B.     Rule 12(b)(6)**

21        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

22   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

23   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

24   729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts

25   as true all well-pled factual allegations and construes them in the light most favorable to the

26   plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the

27   Court need not "accept as true allegations that contradict matters properly subject to judicial

28   notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

*United States District Court*
*Northern District of California*

3

1  unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

2  (internal quotation marks and citations omitted).  While a complaint need not contain detailed

3  factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

5  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

6  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

7  ### III.   DISCUSSION

8  #### A.   Plaintiff's Excess Pages

9  At the hearing, the Court noted that Plaintiff had filed an oversized brief in violation of

10  local rules limiting opposition briefs to twenty-five pages of text absent express court order

11  permitting excess pages.  *See* Civ. L.R. 7-3(a), 7-4(b).  The Court hereby STRIKES pages 26-30

12  of Plaintiff's brief.[2]

13  #### B.   Judicial Notice

14  Defendant seeks judicial notice of three documents:  (a) Plaintiff's initial disclosures, (b)

15  the FDA's "Notice of Reopening of Comment Period for Draft Guidance for Industry on

16  Ingredients Declared as Evaporated Cane Juice," and (c) a table of ECJ cases filed across the

17  country.  The request is DENIED with respect to Plaintiff's initial disclosures, as they do not

18  contain facts that "can be accurately and readily determined from sources whose accuracy cannot

19  reasonably be questioned." Fed. R. Evid. 201(b).  The request is GRANTED with respect to the

20  FDA Notice, *see Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1093 n.2 (N.D. Cal.

21  2013) (court may take judicial notice of "records reflecting official acts of the Executive Branch"),

22  and the table of cases insofar as Defendant wishes the Court to be aware of those rulings, *see*

23  *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) (holding that judicial notice is appropriate

24  with respect to federal court and state court proceedings).

25  Plaintiff has not sought judicial notice, but she has appended a photograph of Panda Puffs

26

27

28

United States District Court
Northern District of California

---

[2] Those pages contain Plaintiff's arguments regarding her six new common law claims.  Striking Plaintiff's opposition does not entitle Defendant to relief on those claims – as the moving party, Defendant still must demonstrate that the claims do not state a factual basis for relief.

United States District Court
Northern District of California

packaging to her opposition.  The photograph is offered in opposition to Defendant's Rule 12(b)(6) that Plaintiff's factual allegations regarding labeling are insufficient.  The Court may not rely upon such extrinsic evidence to deny a Rule 12(b)(6) motion to dismiss.[3]  Such evidence will be considered for the limited purpose of determining whether amendment is possible.

### C.    Unpurchased Products

Defendant seeks dismissal of all claims based upon Unpurchased Products for lack of Article III standing.  "Courts in this district have adopted three diverging approaches for analyzing standing to pursue claims for nonpurchased products."  *Figy v. Frito-Lay North America, Inc.*, --- F. Supp. 2d ----, Case No. 13-3988 SC, 2014 WL 3953755, at *4 (N.D. Cal. Aug. 12, 2014) (collecting cases).  Under the first approach, the court dismisses all claims based upon unpurchased products.  *Id.*  Under the second "middle ground" approach, the court concludes that substantial similarity between purchased and unpurchased products is sufficient to satisfy Article III requirements as to claims based upon unpurchased products.  *Id.*  Finally, under the third approach, the court concludes that as long as the plaintiff has Article III standing to sue for purchased products, any questions regarding standing to sue for unpurchased products should be left for resolution at the class certification stage.  *Id.*

This Court adopts the middle ground approach.  The question presented by Defendant's motion, then, is whether Plaintiff has alleged facts establishing that the Unpurchased Products are so substantially similar to the Purchased Products as to satisfy Article III requirements.  "Factors that other courts have considered include whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling."  *Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013).

Judge Davila dismissed Plaintiff's claims based upon Unpurchased Products for lack of Article III standing after concluding that "Plaintiff does not allege that the products are substantially similar beyond having the same labeling statements."  March 2014 Order at 8, ECF

---

[3] In her opposition, Plaintiff asserts that the photograph of the Panda Puffs packaging is attached as an exhibit to her SAC.  *See* Pl.'s Opp. at 13, ECF 50.  It is not.  *See* SAC, ECF 46.

36.  Plaintiff has not cured this defect.  The SAC lists approximately eighty Unpurchased Products that loosely could be categorized as breakfast foods but that cover a wide spectrum including cold cereals, hot cereals, granolas, pancake mix, bars, toaster pastries, and waffles.  *See* SAC ¶ 5.  The SAC does not set forth the products' ingredients nor does it provide any specificity as to the products' labeling.  Those allegations are insufficient to meet Article III requirements.  *Compare Wilson*, 961 F. Supp. 2d at 1141 (Article III requirements not met with respect to eighty-five unpurchased snack products where plaintiffs took "no time to explain how each of the eighty-five new Products are actionably mislabeled") *with Figy*, 2014 WL 3953755, at *5 (Article III requirements met when purchased and unpurchased products were different shapes of pretzel) *and Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-cv-00296-WHO, 2014 WL 1017879, at *8 (N.D. Cal. Mar. 13, 2014) (Article III requirements met when purchased and unpurchased products were different flavors of yogurt and challenged labeling practice was the same across all products).

At the hearing, Plaintiffs' counsel argued that the SAC meets Article III requirements because it separates the products by category and identifies the alleged labeling violations corresponding to each category.  Paragraph 5 of the SAC does identify four general categories of labeling violations:  "ECJ," "Undisclosed chemical preservative," "Low sodium nutrient content claims," and "Slack-fill packaging."  Under each category heading are various product types.  For example, under the "ECJ" category heading are the subheadings "Cold Cereals," "Hot Cereals," "Premium Granolas," "EnviroKidz," "Baking Mixes," "Bars," "Toaster Pastries," and "Waffles."  Under each of these subheadings, numerous product names are listed.  For example, under the subheading "Cold Cereals" are listed "Crunchy Maple Sunrise," "Flax Plus Maple Pecan Crunch," and twenty-one others.  None of those categories or lists offers any details regarding the products' ingredients, labeling, or packaging.  Thus the Court cannot determine whether the Unpurchased Products are substantially similar to the Purchased Products for Article III purposes.  *See, e.g. Wilson*, 961 F. Supp. 2d at 1142 ("The Court will not assume that each of these subtly different Products is like all the others.").

Because Plaintiff previously was afforded an opportunity to cure this defect yet failed to do so, the motion is GRANTED as to all claims based upon Unpurchased Products and those claims

6

United States District Court
Northern District of California

1    are DISMISSED WITHOUT LEAVE TO AMEND.

2        **D.    Claims Based on "Misbranded" Theory**

3        Many of Plaintiff's claims are based upon her theory that "misbranded" products –

4    meaning products whose labeling and packaging violate state and federal laws – have no economic

5    value and are legally worthless.  According to Plaintiff, claims based upon the misbranded theory

6    need not allege reliance.

7        Plaintiff's theory based upon the unlawfulness of misbranded products was rejected

8    expressly in Judge Davila's prior order.  *See* Mar. 2014 Order at 13, ECF 36.  Other courts in the

9    district likewise have rejected the theory.  *See, e.g., Figy*, 2014 WL 3953755, at * 7-9.  This Court

10   agrees with those rulings.  Accordingly, the motion is GRANTED as to all claims based upon the

11   "misbranded" or "unlawful product" theory and those claims are DISMISSED WITHOUT

12   LEAVE TO AMEND.

13       **E.    Claims Based on Websites**

14       The SAC asserts that the Purchased Products bear Defendant's website,

15   www.naturespath.com, and thus that the website and all linked websites are part of the Purchased

16   Products' labeling.  SAC ¶ 22.  The SAC does not allege that Plaintiff navigated to those websites

17   or that she read any information thereon.  Absent such allegations, Plaintiff fails to state a claim

18   based upon information contained on the websites.  *See Wilson*, 961 F. Supp. 2d at 1143-44.

19   Judge Davila's prior order made clear that Plaintiff must allege *actual reliance* in order to state a

20   claim based upon misleading labeling, and that she may not assert claims based upon information

21   that she did not see or read.  *See* Mar. 2014 Order at 7-8, ECF 36.  Because Plaintiff has been

22   given a prior opportunity to cure this defect, she will not be granted further leave to do so.  The

23   motion is GRANTED as to all claims based upon websites and those claims are DISMISSED

24   WITHOUT LEAVE TO AMEND.

25       **F.    Misleading Labeling**

26       Having disposed of Plaintiff's claims based upon Unpurchased Products, the untenable

27   "misbranding" theory, and websites that the Plaintiff did not see, the Court turns to Plaintiff's

28   claims that the labels she *did* see were misleading.

1.      **Statutory Claims (Claims 1-6)**

The UCL prohibits unlawful, unfair or fraudulent business acts or practices; the FAL prohibits unfair, deceptive, untrue, or misleading advertising; and the CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code §§ 17200 and 17500, and Cal. Civ. Code § 1770). Claims for misleading labeling under those statutes are governed by a "reasonable consumer" test. *Id.* A plaintiff must plead that (1) she relied on the packaging and was deceived *and* (2) a reasonable consumer likely would be deceived. *Figy*, 2014 WL 3953755, at *9.

a.      **ECJ**

Plaintiff alleges that the use of the term ECJ on the labels of the Purchased Products is misleading because it does not indicate that the products contain sugar. Defendant seeks dismissal of the ECJ claims under the primary jurisdiction doctrine and for failure to state a claim or, alternatively, a stay of the ECJ claims under the primary jurisdiction doctrine.

The primary jurisdiction doctrine applies in situations where there is: "(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Clark v. Time Warner, Inc.*, 523 F.3d 1110, 1115 (9th Cir. 2008). As noted above, the FDA has reopened the comment period regarding ECJ. *See* Def.'s RJN Exh. B. "The trend in this district, given the reopening of the FDA's comment period, has been to stay ECJ claims under the primary jurisdiction doctrine, though some judges have instead dismissed the ECJ claims without prejudice." *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-BLF, 2014 WL 5872808, *5 (N.D. Cal. Nov. 12, 2014). At the hearing, the Court indicated its intention to stay the entire case pending final FDA guidance on ECJ. However, the Court now concludes that the better course is to stay only those claims based upon ECJ and to permit the case to go forward with respect to Plaintiff's remaining claims.

The Court anticipates that revision of the ECJ claims will be necessary once the FDA

issues its final guidance.  Plaintiff will be granted twenty-one days, following the lifting of the partial stay, to amend the ECJ claims.  Such amendment additionally shall address the following pleading deficiencies:

Judge Davila previously dismissed Plaintiff's ECJ claims, holding that Plaintiff had not alleged facts sufficient to indicate what she thought ECJ was other than sugar and had not identified which products' labels used the term ECJ.  Mar. 2014 Order at 14, ECF 36.  Plaintiff's allegations regarding which labels bore the term ECJ remain unclear.  Although EnviroKidz Panda Puffs and Heritage Flakes do appear under different subheadings of the category "ECJ" in paragraph 5 of the SAC, no specific allegations are made regarding the use of ECJ on the Panda Puffs and Heritage Flakes labels.  More troubling, however, is the new allegation that when Plaintiff "scanned the ingredient lists of the Purchased Products, Plaintiff did not understand the term ECJ or 'granulated sugar cane juice' was added sugar."  SAC ¶ 145.  The allegation that the Purchased Products contain the term "granulated sugar cane juice" on their labels renders implausible Plaintiff's claim that she did not understand that those products contained sugar.

In a footnote in her opposition brief, Plaintiff argues that Defendants are well aware that both of the Purchased Products use the term "evaporated cane juice," and do *not* use the phrase "granulated sugar cane juice."  Pl.'s Opp. at 11 n.3, ECF 50.  Plaintiff asserts that she intended the "granulated sugar cane juice" to support only claims regarding Unpurchased Products, and "[t]hus, whether or not that term is misleading is irrelevant."  *Id.* at 11.  When evaluating a Rule 12(b)(6) motion, the Court must evaluate the allegations actually set forth in the operative pleading, not the allegations that the plaintiff intended to set forth.  As presently drafted, Plaintiff's claim that she did not know the Purchased Products contained sugar is implausible.

Accordingly, Plaintiff's ECJ claims are STAYED pending the FDA's issuance of final guidance.  Upon the lifting of the partial stay, Plaintiff is granted twenty-one days leave to amend the ECJ claims.

### b.    Health and Drug Claims

Plaintiff alleges that Defendant makes unlawful health and drug claims on its products. SAC ¶ 76.  For example, she alleges that "Defendant claims that the ingredients in its cereals, such

1    as those bought by the Plaintiff, protect the immune system, have 'heart protecting properties,'

2    lower blood pressure rates, lower rates of hypertension, lower cholesterol levels, prevent type 2

3    diabetes, lower levels of obesity, reduce the risk of cardiovascular disease and lower mortality."

4    SAC ¶ 84.  An allegation that cereals "such as" those bought by Plaintiff bore the alleged health

5    claims is not the same as an allegation that the cereals *actually* bought by Plaintiff bore those

6    claims.  Judge Davila dismissed Plaintiff's health claims on the basis that she did "not specify

7    which health claims she saw on the two products she purchased" and did "not demonstrate her

8    reliance on those labels."  Mar. 2014 Order at 14, ECF 36.  Because Plaintiff previously was

9    provided a clear road map regarding pleading requirements, the Court can only infer that Plaintiff

10   is unable to plead this claim adequately and thus amendment would be futile.

     The motion is GRANTED as to Plaintiff's UCL, FAL, and CLRA claims based upon

11

12   health and drug labeling and those claims are DISMISSED WITHOUT LEAVE TO AMEND.

13                                  **c.      Low Sodium**

14   The SAC lists a number of products, including EnviroKidz Panda Puffs and Heritage

15   Flakes, under the subheading "Low sodium nutrient content claims."  SAC ¶ 5.  However, no

16   particulars are given regarding the manner in which those claims appeared on the Purchased

17   Products.  Defendant requests that the Court consider images of Heritage Flakes packaging as

18   evidence that it actually does not display a low sodium claim, while Plaintiff requests that the

19   Court consider an image of Panda Puffs packaging as evidence that it does display a low sodium

20   claim.  As discussed in part III.B., above, the Court may not consider either side's images in the

21   context of this Rule 12(b)(6) motion.  At this stage, the Court must determine whether Plaintiff has

22   *alleged* facts sufficient to state a claim – it is not concerned with *proof* regarding the display of

23   sodium claims on the Purchased Products.  However, the Court will consider the image of the

24   Panda Puffs label in determining whether amendment would be feasible.

25   Because Plaintiff has failed to allege any details as to what low sodium claims appeared on

26   the Purchased Products, the motion is GRANTED as to Plaintiff's UCL, FAL, and CLRA claims

27   based upon low sodium.  Based upon Plaintiff's argument, amendment seems possible; thus the

28   claims are DISMISSED WITH LEAVE TO AMEND.

### d.      Preservative Free

The SAC alleges that "Defendant's EnviroKids [sic] cereal bought by Plaintiff" falsely claimed that the product was free of preservatives but in fact contained tocopherols, which are chemical preservatives. SAC ¶ 96. The SAC further alleges that Plaintiff relied upon the label's representation that the product was free of preservatives when she chose to buy the product, and that she would not have purchased the product had she known it contained a chemical preservative. *Id.* ¶¶ 113, 116. The SAC alleges that eighty percent of the general population thinks that the fact that a food contains no preservatives or artificial ingredients is an important factor to be considered when purchasing. *Id.* ¶ 91. Defendant's argument that tocopherol is not actually a chemical preservative presents a factual issue not appropriate for determination at the pleading stage. Likewise, Defendant's argument that Plaintiff could not have been misled by the label's representation that the products was free of preservatives because the ingredient list included tocopherols presents a factual issue as to whether a reasonable consumer likely would be deceived. However, the SAC makes several references to citric acid being a preservative without making clear whether Plaintiff alleges that the EnviroKidz Panda Puffs contain citric acid. It also is unclear whether Plaintiff alleges that Heritage Flakes is labeled as preservative free. Thus the motion is GRANTED as to Plaintiff's claims based upon preservative free labeling and those claims are DISMISSED WITH LEAVE TO AMEND so that Plaintiff may clarify the bases for her preservative free claims as to each of the Purchased Products.

### e.      Slack Fill

The SAC alleges that "Defendant has routinely employed slack filled packaging containing non-functional slack fill to mislead consumers into believing they were receiving more than they actually were." SAC ¶ 119. The SAC also alleges that Plaintiff purchased slack filled packages of EnviroKidz Panda Puffs and Heritage Flakes, and that she would not have done so had she realized that the packages were slack filled. *Id.* ¶¶ 122-23. Those allegations are sufficient to state a claim. Defendant argues that Plaintiff does not allege that she was misled by the slack filling, but the SAC does allege that Plaintiff did not realize that the Purchased Products were slack filled and that she would not have bought them had she realized that was the case. *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Accordingly, the motion is DENIED as to UCL, FAL, and CLRA claims based upon slack filled

2  packaging.

3         **2.     Unjust Enrichment (Claim 7)**

4         Claim 7, entitled "Restitution Based on Unjust Enrichment/Quasi-Contract," alleges that as

5  a result of its misleading labeling and advertising, Defendant was enriched at the expense of

6  Plaintiff and the class.  Defendant's argument that unjust enrichment is not a recognized claim

7  runs counter to this Court's view of the law.  *See, e.g., Mohebbi v. Khazen*, --- F. Supp. 2d ----,

8  No. 13–cv–03044–BLF, 2014 WL 2861146, at *18-19 (N.D. Cal. June 23, 2014).  However, in

9  this case Judge Davila dismissed Plaintiff's unjust enrichment claim as duplicative of her claims

10  for restitution under the UCL and CLRA.  *See* Mar. 2014 Order at 15.  Plaintiff simply ignored

11  Judge Davila's ruling and re-alleged the claim.  Because restitution is asserted as a remedy with

12  respect to Plaintiff's UCL claims, and Plaintiff has not presented any basis for reconsideration of

13  Judge Davila's prior order, the motion is GRANTED as to Claim 7, which is DISMISSED

14  WITHOUT LEAVE TO AMEND.

15         **3.     Common Law (Claims 8-13)**

16         When she amended her pleading following Judge Davila's dismissal of her FAC, Plaintiff

17  added six new common law claims, all of which are deficient for the reasons discussed below.

18  Because Plaintiff has not been afforded the opportunity to amend those claims, she will be granted

19  leave to amend except as to those claims for which amendment clearly would be futile.

20         **a.     Implied Warranty (Claim 8)**

21         Claim 8 alleges that the Purchased Products breach the implied warranty of

22  merchantabilty.  "Unless excluded or modified . . . a warranty that the goods shall be merchantable

23  is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

24  Cal. Com. Code § 2314(1).  "A breach of the warranty of merchantability occurs if the product

25  lacks even the most basic degree of fitness for ordinary use."  *Birdsong v. Apple, Inc.*, 590 F.3d

26  955, 958 (9th Cir. 2009) (internal quotation marks and citation omitted).  If the product is food, the

27  plaintiff can make out a claim for breach of the implied warranty by alleging that the product was

28  not safe for consumption, *see Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1106 (N.D. Cal.

United States District Court
Northern District of California

1    2012), or that the product was "contaminated or contained foreign objects," *Viggiano v. Hanson*

2    *Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013).  Plaintiff does not allege that the

3    Purchased Products were unfit for consumption.  She alleges that they were unfit because they

4    were misbranded and thus could not legally be possessed or sold.  SAC ¶ 289-92.  As discussed

5    above, Plaintiff's theory based upon the unlawfulness of misbranded products is untenable and

6    amendment would be futile.

7         The motion is GRANTED as to Claim 8, which is DISMISSED WITHOUT LEAVE TO

8    AMEND.

9                      **b.      Money Had and Received (Claim 9)**

10        Claim 9 alleges a count of money had and received.  "The only essential allegations of a

11   common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e.,

12   goods sold, work done, etc., and (3) nonpayment."  *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th

13   445, 460 (1997) (internal quotation marks and citation omitted).  "A cause of action for money

14   had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum

15   for money had and received by the defendant for the use of the plaintiff."  *Id.* (internal quotation

16   marks and citation omitted).  Plaintiff does not allege any of these elements.  Instead, she alleges

17   that because Defendant sold "misbranded" food products, Plaintiff is entitled to recover damages.

18   SAC 299-300.  Those allegations are insufficient to state a claim and amendment would be futile.

19        The motion is GRANTED as to Claim 9, which is DISMISSED WITHOUT LEAVE TO

20   AMEND.

21                      **c.      Declaratory Judgment (Claim 10)**

22        Claim 10 seeks a declaratory judgment whether Defendant's products violate state and

23   federal laws governing labeling, and it and seeks an injunction prohibiting Defendant from selling

24   its "misbranded" products.  "In a case of actual controversy within its jurisdiction . . . any court of

25   the United States, upon the filing of an appropriate pleading, may declare the rights and other legal

26   relations of any interested party seeking such declaration, whether or not further relief is or could

27   be sought.  Any such declaration shall have the force and effect of a final judgment or decree and

28   shall be reviewable as such."  28 U.S.C. § 2201.  "[C]ourts generally deny declaratory relief if

another remedy is found to be more appropriate." *Rodriguez v. Bank of America*, No. C 11-3839-PSG, 2011 WL 5864108, at *4 (N.D. Cal. Nov. 22, 2011).   Even if a claim for declaratory relief is appropriate, "[d]istrict courts in this circuit are split over the issue of whether a plaintiff, who is seeking to enjoin a seller or manufacturer from making false or misleading misrepresentations about an item the plaintiff previously purchased, must be able to establish that he would likely purchase the item again to establish standing." *See Morgan*, 2014 WL 1017879, at *6.

Whether Plaintiff has standing to seek injunctive relief in the event the declaratory relief claim is viable presents a question separate from whether the declaratory relief action ought to be dismissed.  The Court cannot discern what additional benefit the declaratory relief action might afford Plaintiff beyond the claims already asserted.  Accordingly, the motion is GRANTED as to Claim 10, which is DISMISSED WITH LEAVE TO AMEND.  Any amended pleading shall allege facts showing that the declaratory relief action could afford Plaintiff more relief than is available to her under the other twelve claims asserted in this lawsuit.

### d.        Express Warranty (Claim 11)

Claim 11 asserts that Defendant's sales of food products breached express warranties.  "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986).  Plaintiff does not identify the terms of the alleged warranties applicable to the Purchased Products or her reliance thereon.  Her allegation that "Plaintiff and the Class reasonably relied on Defendant's representations" is insufficient.

The motion is GRANTED as to Claim 11, which is DISMISSED WITH LEAVE TO AMEND.

### e.        Negligent Misrepresentation (Claim 12)

Claim 12 asserts that "In making representations of fact to Plaintiff and the other Class members about their Misbranded Food Products, Defendant failed to fulfill their duties to disclose the material facts alleged above," and that "[s]uch failure to disclose on the part of Defendant amounts to negligent misrepresentation."  SAC ¶ 329.  Under California law, negligent

14

United States District Court
Northern District of California

1    misrepresentation "differs from intentional misrepresentation in that, while certain nondisclosures

2    may support a claim for intentional misrepresentation, a negligent misrepresentation requires a

3    positive assertion, and hence omissions – that is, nondisclosures – cannot give rise to liability for

4    negligent misrepresentation."  *Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*, 913 F. Supp.

5    2d 780, 789 (emphasis added).  Accordingly, Plaintiff's allegations of nondisclosure are

6    insufficient to state a claim for negligent misrepresentation.

7         The motion is GRANTED as to Claim 12, which is DISMISSED WITH LEAVE TO

8    AMEND.

9                        **f.       Negligence (Claim 13)**

10        Claim 13 asserts a claim for negligence.  "The elements for a claim for negligence under

11   California law are:  (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the

12   breach as the proximate or legal cause of the resulting injury."  *Pirozzi v. Apple Inc.*, 913 F. Supp.

13   2d 840, 851 (N.D. Cal. 2012) (internal quotation marks and citation omitted).  Plaintiff alleges that

14   Defendant violated its "duties to disclose the material facts alleged above."  SAC 332.  She does

15   not identify the duties in question other than to allege that Defendant's conduct "violated a number

16   of express statutory provisions."  *Id.* 334.  To the extent that Plaintiff asserts that Defendant's

17   duties arose from statute, Plaintiff must identify the statute and the duty.

18        The motion is GRANTED as to Claim 13, which is DISMISSED WITH LEAVE TO

19   AMEND.

20        **G.     Leave to Amend**

21        It appears to the Court that Plaintiff may be able to allege viable claims based upon the

22   products that she actually purchased.  However, Plaintiff has made it enormously difficult to tease

23   those claims out of the morass of untenable theories and irrelevant material with which she has

24   cluttered her sixty-five page SAC.  If Plaintiff chooses to file an amended pleading, such pleading

25   SHALL, consistent with Federal Rule of Civil Procedure 8(a), contain "a short and plain

26   statement" of her claims based ONLY upon the Purchased Products, EnviroKidz Panda Puffs

27   cereal and Heritage Flakes cereal.  Such pleading shall reassert ONLY those claims asserted in the

28   SAC; no new claims or parties may be added without leave of the Court.  With respect to each

claim asserted in any amended pleading, Plaintiff shall familiarize herself with the elements of the claim and allege facts relevant to those elements.  Plaintiff shall OMIT all allegations regarding Unpurchased Products, her untenable "misbranded" theory, and statements made on websites. With respect to any claims that Plaintiff chooses to reassert, she shall specify whether those claims are based upon EnviroKidz Panda Puffs or Heritage Flakes, or both.  To put it as plainly as possible:  Plaintiff is directed to submit a reasonably short, readable pleading that sets out what she believes Defendant did wrong with respect to labeling each of the Purchased Products and how those wrongs damaged her.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)   The action is STAYED with respect to the ECJ claims ONLY, pending the FDA's issuance of final guidance.  Upon the lifting of the partial stay, Plaintiff is granted twenty-one days leave to amend the ECJ claims;

(2)   With respect to all other claims, Defendant's motion to dismiss is DENIED as to UCL, FAL, and CLRA claims based upon alleged slack fill, and otherwise is GRANTED;

(3)   Plaintiff is GRANTED LEAVE TO AMEND subject to the limitations on such leave set forth in this order, above;

(4)   Plaintiff shall not add any new claims or parties without prior express leave of the Court;

(5)   Any amended pleading shall be filed on or before December 12, 2014; and

Dated:  November 21, 2014

BETH LABSON FREEMAN
United States District Judge