1   Ben F. Pierce Gore (SBN 128515)
    PRATT & ASSOCIATES
2   1871 The Alameda, Suite 425
    San Jose, CA  95126
3   Telephone:  (408) 429-6506
    Fax:  (408) 369-0752
4   pgore@prattattorneys.com

5
    Colin H. Dunn (*Pro Hac Vice*)
6   CLIFFORD LAW OFFICES, P.C.
    120 North LaSalle – 31st Floor
7   Chicago, IL 60602
    Telephone:  (312) 899-9090
8   Fax: (312) 251-1160
    chd@cliffordlaw.com
9
    *Attorneys for Plaintiff*

10
                **IN THE UNITED STATES DISTRICT COURT**
11              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                          **SAN JOSE DIVISION**
12

13  SUSAN LEONHART, individually and on          Case No.  CV-13-0492-BLF
    behalf of all others similarly situated,
                                                 **PLAINTIFF'S RESPONSE IN**
14                    Plaintiff,                 **OPPOSITION TO DEFENDANT'S**
                                                 **MOTION TO DISMISS AND STAY**
15  v.                                           **PLAINTIFF'S THIRD AMENDED**
                                                 **COMPLAINT**
16  NATURE'S PATH FOODS, INC.,
                                                 Hearing Date:  May 21, 2015
17                    Defendant.
                                                 Time:  9:00 a.m.
18
                                                 Judge:  Hon. Beth Labson Freeman
19
                                                 Action Filed:  February 2, 2013
20

21

22

23

24

25

26

27

28

1

## STATEMENT OF ISSUES

2

   A.  Whether Plaintiff's "low sodium" claim is preempted?

3

   B.  Whether this case should be stayed until the Ninth Circuit rules on two pending appeals?

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint*  CV-13-0492-BLF

**FACTS**

The following facts are taken from Plaintiff's third amended complaint (Doc. 60):

Plaintiff purchased the following products sold by Defendant:

      a.     EnviroKidz Panda Puffs cereal; and

      b.     Heritage Flakes cereal.

These products are misbranded, and thus sold in violation of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, *et seq.* (the "Sherman Law") because:

- both list evaporated cane juice as an ingredient;

- Defendant represents that the EnviroKidz Panda Puffs cereal is "low sodium" but it is not – when the serving size is readjusted to the legal level (not understated as Defendant has done), there is over 70 mgs of sodium above the limit that the FDA sets in order for a product to qualify as "low sodium;"

- the EnviroKidz cereal is also represented to be free of preservatives, but that cereal contains tocopherols, which is a chemical preservative listed in 21 C.F.R. § 182.3890.

- both cereals had illegal slack- filled packaging.

Plaintiff reviewed the labels, reasonably relied in substantial part on the labels, and was thereby deceived in deciding to purchase these products. Plaintiff did not know, and had no reason to know, that Defendant's products were misbranded under the Sherman Law and bore food labeling claims that failed to meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and had no reason to know, that Defendant's products were false and misleading; had she known, Plaintiff would not have purchased them.

Plaintiff initiated this action, alleging claims on behalf of herself and a class of similarly situated persons who purchased Defendant's products. Plaintiff has asserted separate causes of

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint* CV-13-0492-BLF

1    action against Defendant under the "fraudulent," "unlawful," and "unfair" prongs of the Unfair

2    Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); separate causes of action

3    under the "misleading" and "untrue" prongs of the False Advertising Law, Cal. Bus. & Prof. Code

4    § 17500, *et seq.* ("FAL"); a cause of action under the California Legal Remedies Act, Cal. Civ.

5    Code § 1750, *et seq* ("CLRA").

6

7                                              **ARGUMENT**

8          In considering a motion to dismiss, all allegations in the complaint must be taken as true and

9    construed in the light most favorable to the plaintiff.  *Sateriale v. R.J. Reynolds Tobacco Co.*, 697

10   F.3d 777, 783 (9th Cir. 2012).  A complaint need only allege sufficient facts to show "a claim to

11   relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12         **A.  Plaintiff's "low sodium" claim isn't preempted.**

13

14         Defendant claims the "low sodium" claim on its EnviroKidz Panda Puffs cereal complies

15   with the applicable FDA regulation (21 C.F.R. 101.61(b)), so Plaintiff's causes of action based on

16   that claim are preempted because she is seeking to impose a requirement that is not identical to

17   federal law.  Not true.

18         Whether a product can legally be labeled as "low sodium" depends upon what's known as

19   the product's reference amount customarily consumed (RACC) not its serving size. See

20   http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/Labelin

21   gNutrition/ucm064904.htm#raccs ("**L64.  Is a RACC different from a serving size?**

22   **Answer:** Yes, the RACC is used to derive a serving size for a particular product"). Only the

23   product's RACC counts for this issue.

24         The second column in Table 2 in 21 C.F.R. 101.12 list the RACC for each food category.

25   As Defendant admits, the RACC listed for a cereal like its EnviroKidz Panda Puffs that weighs

26

27

28

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended
Class Action Complaint  CV-13-0492-BLF*

between 20 and 43 grams per cup is 30 grams.[1]  So Defendant's "low sodium" claim must be evaluated for the amount of sodium based on a 50-gram amount. See 21 C.F.R. 101.61(b)(4)(i)(B) ("The terms "low sodium," or "low in sodium," "little sodium," "contains a small amount of sodium," or "low source of sodium" may be used on the label or in the labeling of foods, except meal products as defined in 101.13(l) and main dish products as defined in 101.13(m), provided that…[t]he food has a reference amount customarily consumed of *30 g or less* or 2 tablespoons or less and contains 140 mg or less sodium per reference amount customarily consumed and *per 50 g*") (emphasis added). Defendant admits the sodium in its Panda Puff's cereal amounts to over 216 mgs of sodium per 50 grams and, thus, exceeds the 140 mgs ceiling.

Defendant's reliance on subsection (A) is inexplicable since it agrees the RACC for Panda Puffs is 30 grams; subsection (A) only applies if the RACC is *greater* than 30 grams.  See 21 C.F.R. 101.64(b)(4)(i)(A) (allowing "low sodium" claim if "[t]he food has a reference amount customarily consumed greater than 30 g or greater than 2 tablespoons and contains 140 mg or less sodium per reference amount customarily consumed").  Because the RACC for Defendant's cereal is 30 grams, the amount of sodium must be calculated "per 50 g" to determine if the level is under the 140 mgs maximum.  And it's undisputed, when that calculation is done, the amount of sodium exceeds that threshold.

Defendant relies on the "or two tablespoons" language in subsection (A) to say that subsection applies.  See Doc. 65 at 14 ("Here ¾ cup is greater than 2 tablespoons, so the cereal fits squarely within the first category").  Defendant is muddying the issue by comparing the volume of ¾ cup vs. 2 tablespoons.  But that "two tablespoons" volume measurement language in subsection (A) is irrelevant.  There is no volume measurement RACC for its cereal like there is for, say,

_____

[1] The appropriate subcategory in Table 2, under the "Cereal and Other Grain Products" category, is "Breakfast cereals, ready-to-eat weighing 20 g or more but less than 43 g per cup; high fiber cereals containing 28 g or more of fiber per 100 g."

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint*  CV-13-0492-BLF

Breakfast cereals (hot cereal type), hominy grits (1 cup); a sundae (1 cup); or "butter, margarine, oils, shortening" (1 tablespoon).  See 21 C.F.R. 101.12, Table 2.  Instead, the RACC is 30 grams; that triggers subsection (B), not (A).

Defendant also ignores the fact that serving size is different from RACC; it conflates the household measure used for serving sizes with the volume measures occasionally used for RACCs - but not with respect to cereal.  Serving sizes are calculated from RACCs and then converted to household measures. See 21 CFR 101.9(b); 21 CFR 101.12, n.5. Defendant tries to confuse things by switching between reference amounts and serving sizes.

Defendant says:

> 21 C.F.R. § 101.61(b)(4) provides two standards for making 'low sodium' claims depending on the serving size of the product.  The first category concerns food that has a [RACC] 'greater than 30 g or greater than 2 tablespoons.'  Id. § 101.61(b)(4)(i)(A) (emphasis added). These foods can contain 140 mg or less of sodium per [RACC]. The second category concerns food that has a [RACC] of "30 g or less or 2 tablespoons or less." These foods can contain 140 mg or less of sodium per [RACC] and per 50 g. Id. § 101.61(b)(4)(i)(B) (emphasis added).  Defendant's EnviroKidz Panda Puffs cereal has a serving size of 3/4 cup, which is 30 grams. It contains 130 mg of sodium per serving size. (TAC, Ex. A.) The cereal is properly labeled "low sodium" because it falls within the first category of [RACC] and complies with that standard. A product falls within the first category if the [RACC] is either greater than 30 grams or greater than 2 tablespoons. Here, 3/4 cup is greater than 2 tablespoons, so the cereal fits squarely within this first category.  The cereal, therefore, must contain 140 mg or less of sodium per [RACC], and Panda Puffs contains only 130mg.  (Doc. 65 at 15).

The first sentence is wrong because the legality of Defendant's "low sodium" claim is actually based on Panda Puff's RACC, not its serving size. So the last sentence is misleading - because the RACC is 30 grams, the analysis should be based on 50 grams.  And when the proper RACC is used, there is too much sodium in Defendant's product.

**B.  This case should not be stayed.**

While there could be some benefit to knowing what the Ninth Circuit will say in the pending *Jones* and *Brazil* appeals, and with all due respect to Judge Koh's decision in *Gustavson* and Judge

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint*  CV-13-0492-BLF

Conti's decision in *Parker* to stay those cases, it is unreasonable to stay all aspects of this case until those decisions are issued.  First, both of those stays were issued during the class certification stage of the case.  Here, the parties aren't even at issue yet.

Second, the briefing in *Jones* was completed on March 6, 2015, and the opening brief in *Brazil* isn't due until March 27, 2015.  According to the Ninth Circuit, oral arguments likely won't be scheduled until 9-12 months after the briefing is completed, and opinions in those cases likely won't be issued until 3-12 months after the oral argument occurs.  See http://www.ca9.uscourts.gov/content/faq.php (Questions 17 and 18).  So Defendant is asking this Court to stay this case for potentially two years.  And while the Ninth Circuit's decisions in those cases may impact this case, they may not - we won't know until the opinions are issued.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss and request for a stay.  Alternatively, Plaintiff requests leave to amend any aspect of her Third Amended Complaint dismissed or stricken by this Court.

Dated:  March 13, 2015

Respectfully submitted,

 s/Colin H. Dunn

Colin H. Dunn (*Pro Hac Vice*)
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle – 31st Floor
Chicago, IL 60602
Telephone:  (312) 899-9090
Fax: (312) 251-1160
chd@cliffordlaw.com

*Attorneys for Plaintiff*

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint*  CV-13-0492-BLF

1

**CERTIFICATE OF SERVICE**

2      I certify that a copy of this document was served electronically on March 13, 2015 on

3   counsel of record for Defendant in compliance with Federal Rule 5, Local Rule 5-6, by use of the

4   Court's ECF system.

5                                        /s/ Colin H. Dunn_____
                                         COLIN H. DUNN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended
Class Action Complaint  CV-13-0492-BLF*